STEFANI E. SHANBERG (State Bar No. 206717)
JENNIFER J. SCHMIDT (State Bar No. 295597)
MICHAEL J. GUO (State Bar No. 284917)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California  94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
E-Mail: sshanberg@wsgr.com
jschmidt@wsgr.com
mguo@wsgr.com

Attorneys for Defendants
VIMEO, LLC, SPOTIFY USA INC.,
HULU, LLC, and NETFLIX, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| iMTX STRATEGIC, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>VIMEO, LLC,<br><br>     Defendant. | Case No. 4:15-cv-00592-JSW<br><br>**DEFENDANTS VIMEO, LLC, SPOTIFY USA INC., HULU, LLC, AND NETFLIX, INC.'S MOTION TO STAY PURSUANT TO SECTION 18(b) OF THE AMERICA INVENTS ACT**<br><br>Date: July 24, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom 5, Second Floor<br>Judge: Honorable Jeffrey S. White |
| iMTX STRATEGIC, LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>SPOTIFY USA INC.,<br><br>     Defendant. | Case No. 4:15-cv-00593-JSW |

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-
JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

| | |
|---|---|
| iMTX STRATEGIC, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>HULU, LLC,<br><br>            Defendant. | Case No. 4:15-cv-00596-JSW |
| iMTX STRATEGIC, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>            Defendant. | Case No. 4:15-cv-00597-JSW |

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

-2-

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.    INTRODUCTION .......................................................................................................... 1

II.    STATEMENT OF FACTS ............................................................................................. 2

    A.    The Litigation. ................................................................................................... 2

    B.    Moving Defendants' Petition for Covered Business Method Patent Review. ............................................................................................................... 3

III.    ARGUMENT ................................................................................................................. 4

    A.    A Stay Will Simplify—or Eliminate—the Issues for Trial. ............................. 5

    B.    The Early Stage of This Litigation Weighs Heavily in Favor of a Stay. .................................................................................................................. 6

    C.    Staying These Proceedings Will Not Unduly Prejudice Plaintiff or Present a Clear Tactical Advantage to Moving Defendants ............................. 7

    D.    A Stay Will Reduce the Burden on the Court and on the Parties. ...................... 8

IV.    CONCLUSION .............................................................................................................. 9

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-
JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- i -

# TABLE OF AUTHORITIES

**CASES**

*AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049 (N.D. Cal. 2011) ..............7

*CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146 (Fed. Cir. 1997)................................6

*Evolutionary Intelligence, LLC v. Facebook, Inc.*, Nos. C 13-4202 SI, C 13-4204 SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014)................................................7

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) ........................5

*GT Nexus, Inc. v. Inttra, Inc.*, No. 11-cv-02145-SBA, 2014 WL 3373088 (N.D. Cal. July 9, 2014).................................................................................................5, 6, 8

*In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022 (N.D. Cal. 2005) ...............................................................................................................6

*Intellectual Ventures II LLC v. JPMorgan Chase & Co.*, 781 F.3d 1372 (Fed. Cir. 2015)........................................................................................................................5

*Mkt.-Alerts Pty., Ltd v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486 (D. Del. 2013).................4, 5, 6, 7, 8

*MoneyCat, Ltd. v. PayPal, Inc.*, No. 14-cv-02490-JST, 2014 WL 5689844 (N.D. Cal. Nov. 4, 2014) ................................................................................................6, 7

*Pac. Biosci. Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061 (W.D. Wash. 2011) ...................7, 8

*Pi-Net Int'l, Inc. v. Citizens Fin. Grp. Inc.*, No. 12-cv-00355-RGA, 2013 WL 6094223 (D. Del. June 21, 2013) ..............................................................................5

*Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, No. 1:10-cv-01370, 2013 WL 1662952 (N.D. Ohio Apr. 17, 2013) ..............................................................4, 7, 8

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 14-cv-1575-EMC, 2014 U.S. Dist. LEXIS 92792 (N.D. Cal. July 3, 2014) ........................................7

*Sightsound Techs., LLC v. Apple Inc.*, No. 11-cv-1292-DWA, 2013 WL 2457284 (W.D. Pa. June 6, 2013) ..................................................................................5, 8

*Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368 (Fed. Cir. 2014), *vacating as moot*, 780 F.3d 1134 (Fed. Cir. 2015)..............................................4, 6

*Versata Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893-SS, 2013 WL 6912688 (W.D. Tex. June 20, 2013) ....................................................................................8

*VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014)..............4, 6, 7

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- ii -

*Zillow, Inc. v. Trulia, Inc.*, No. 2:12-cv-01549, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013) .................................................................................................................. 4, 5

**STATUTES**

35 U.S.C. § 101 ............................................................................................................................. 3

35 U.S.C. § 102 ............................................................................................................................. 3

35 U.S.C. § 103 ............................................................................................................................. 3

35 U.S.C. § 112 ............................................................................................................................. 3

35 U.S.C. § 321 ............................................................................................................................. 3

AIA § 18 ....................................................................................................................... 1, 3, 4, 5, 8, 9

AIA § 32 ......................................................................................................................................... 3

**MISCELLANEOUS**

157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011) ........................................................................ 2, 4

157 Cong. Rec. S1360 (daily ed. Mar. 8, 2011) ..................................................................... 1, 4, 8

77 Fed. Reg. 48756 (Aug. 14, 2012) ......................................................................................... 3, 7

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- iii -

**TABLE OF ABBREVIATIONS**

| | |
|---|---|
| Plaintiff iMTX Strategic, LLC | iMTX or Plaintiff |
| Defendant Vimeo, LLC | Vimeo |
| Defendant Spotify USA Inc. | Spotify |
| Defendant Hulu, LLC | Hulu |
| Defendant Netflix, Inc. | Netflix |
| Defendant Rhapsody International Inc. | Rhapsody |
| Defendant Home Box Office, Inc. | HBO |
| Defendant Verizon Communications, Inc. | Verizon |
| Defendant VUDU, Inc. | VUDU |
| Defendants Vimeo, LLC, Spotify USA Inc., Hulu, LLC, and Netflix, Inc., collectively | Moving Defendants |
| Moving Defendants and Defendants Rhapsody International Inc., Home Box Office, Inc., Verizon Communications, Inc. and VUDU, Inc., collectively | Defendants |
| Declaration of Jennifer J. Schmidt in Support of Defendants' Motion to Stay | Schmidt Decl.[1] |
| U.S. Patent No. 7,269,854 | '854 patent or asserted patent |
| Covered Business Method Patent Review | CBM review |
| Leahy-Smith America Invents Act | AIA |
| United States Patent and Trademark Office | Patent Office |
| Patent and Trademark Appeals Board | PTAB |

---

[1] All exhibit citations refer to exhibits to the accompanying Schmidt Decl.

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- iv -

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 24, 2015, at 9:00 a.m., or as soon thereafter as the matter may be heard in courtroom of the Honorable Jeffrey S. White, located at Courtroom 5, Second Floor, of the United States District Court for the Northern District of California, Oakland Division, Moving Defendants will and hereby do move the Court for entry of an order staying these actions pursuant to Section 18(b) of the AIA, in view of Moving Defendants' recently filed petition for CBM review of the only asserted patent.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the accompanying Schmidt Decl., including exhibits, and such additional evidence and arguments as may hereinafter be presented.[2]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Congress explained that CBM review was provided to "allow companies that are the target of one of these frivolous business method patent lawsuits to go back to the PTO and demonstrate, with the appropriate prior art, that the patent shouldn't have been issued in the first place."  157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011), at S1053 (statement of Sen. Schumer).  "T]hat way bad patents can be knocked out in an efficient administrative proceeding, avoiding costly litigation."  *Id.*  Moving Defendants have done precisely what Congress recommended—filed a petition with the Patent Office to demonstrate that the only asserted patent should not have issued in the first place.  In order to avoid costly litigation, Moving Defendants hereby request that the concurrently pending lawsuits be stayed until completion of CBM review of the '854 patent.

As discussed below, the AIA provides a four-factor test for a motion to stay concurrent district court litigation.  The test "places a very heavy thumb on the scale in favor of a stay."  157 Cong. Rec. S1360 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer), at S1363.  Congress explained that "it is nearly impossible to imagine a scenario in which a district court would not

---

[2] Identical motions, memoranda, declarations, and exhibits are being filed in Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW.

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- 1 -

issue a stay" pending CBM review. 157 Cong. Rec. S1053, at S1053 (statement of Sen. Schumer).

## II. STATEMENT OF FACTS

### A. The Litigation.

Between November 19, 2013, and April 25, 2014, Plaintiff filed eight Complaints alleging infringement of the '854 patent. Case Nos. 4:15-cv-00592-JSW, Dkt. No. 1; 4:15-cv-00593-JSW, Dkt. No. 1; 4:15-cv-00595-JSW, Dkt. No. 1; 4:15-cv-00596-JSW, Dkt. No. 1; 4:15-cv-00597-JSW, Dkt. No. 1; 4:15-cv-00598-JSW, Dkt. No. 1; 4:15-cv-00599-JSW, Dkt. No. 1; Ex. A. Aside from the first Complaint filed against Vimeo, Plaintiff waited until late August 2014 to serve all Complaints. *See, e.g.*, Case Nos. 4:15-cv-00593-JSW, Dkt. No. 5; 4:15-cv-00595-JSW, Dkt No. 5; 4:15-cv-00597-JSW, Dkt. No. 5; 4:15-cv-00598-JSW, Dkt. No. 5; 4:15-cv-00599-JSW, Dkt. No. 5; Ex. B.[3]

All actions were originally commenced in the District of Delaware. On December 23, 2014, Netflix and VUDU filed a motion to transfer the case to the Northern District of California, which Vimeo, Spotify, Hulu, and Verizon joined and HBO did not oppose. *See, e.g.*, Case No. 4:15-cv-00597-JSW, Dkt. No. 11. On February 5, 2015, the District of Delaware granted the motion and transferred all cases to the Northern District of California. *See, e.g.*, Case No. 4:15-cv-00597-JSW, Dkt. No. 48. All Defendants have now answered. Case Nos. 4:15-cv-00592-JSW, Dkt. No. 8; 4:15-cv-00593-JSW, Dkt. No. 9; 4:15-cv-00594-JSW, Dkt. No. 19; 4:15-cv-00595-JSW, Dkt. No. 8; 4:15-cv-00596-JSW, Dkt. No. 7; 4:15-cv-00597-JSW, Dkt. No. 8; 4:15-cv-00598-JSW, Dkt. No. 9; 4:15-cv-00599-JSW, Dkt. No. 10.

An initial case management conference is set for June 12, 2015. *See, e.g.*, Case No. 4:15-cv-00592-JSW, Dkt. No. 48. No infringement or invalidity contentions have been served. Schmidt Decl. at ¶ 3. On May 21, 2015, Plaintiff served minimal initial discovery requests inquiring into whether Defendants have relationships with Unified Patents, Inc., a third party who

---

[3] On October 9, 2014, Rhapsody filed a motion to dismiss for insufficiency of service of process. Ex. C. On January 13, 2015, the District of Delaware granted the motion. Ex. D. That same day, Plaintiff filed a new Complaint against Rhapsody. Case No. 4:15-cv-00594-JSW, Dkt. No. 1.

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-
JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- 2 -

filed a petition for *inter partes* review of the asserted patent, and on May 26, 2015, Plaintiff provided notice of a subpoena to Unified Patents, Inc. *Id.* at ¶ 4. No documents have been produced, and Defendants have served no discovery. *Id.* at ¶ 4. None of the claims of the '854 patent have been construed. *Id.* at ¶ 3.

### B. Moving Defendants' Petition for Covered Business Method Patent Review.

The '854 patent is entitled "Transaction System for Transporting Media Files from Content Provider Sources to Home Entertainment Devices" and generally relates to delivering media files to a user via a communications network, including "executing user transaction requests" that are "characterized by a procedure which debits a user's payment account and credits a content provider's receipt account." *See* '854 patent at Title; 2:9-12, cls. 14 and 23.

On June 3, 2015, Moving Defendants filed a petition for CBM review of the '854 patent pursuant to 35 U.S.C. § 321 and Section 18 of the AIA under the Transitional Program for Covered Business Method Patents. Ex. E. CBM review allows a petitioner to challenge the validity of patent claims "on any ground that could be raised under paragraph (2) or (3) of section 282(b)," *i.e.*, 35 U.S.C. §§ 101, 102, 103, or 112. *See* AIA §§ 18 and 32. Moving Defendants' CBM petition challenges every claim of the '854 patent as directed towards patent-ineligible subject matter pursuant to 35 U.S.C. § 101. Ex. E at 26-35. Additionally, the petition identifies prior art references that render obvious all claims of the asserted patent. Ex. E at 35-81.

By statute, Plaintiff may file a preliminary response with the PTAB no later than three months after the filing date accorded to the petition. *See* Office Patent Trial Practice Guide, 77 Fed. Reg. 48756, 48757 (Aug. 14, 2012), Ex. F. Here, Plaintiff's deadline is September 8, 2015. *See id.* The PTAB must determine whether to institute trial no later than six months after the filing date accorded to the petition, *i.e.*, by December 7, 2015. *See id.* The PTAB will issue a final decision as to the asserted patent's validity within one year from the date that a trial is instituted. *See id.* at 48768. The CBM review process occurs on a faster track than *ex parte* or *inter partes* reexamination. *See id.* at 48757.

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-
JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- 3 -

## III.  ARGUMENT

The AIA was "designed to provide a cheaper, faster alternative to district court litigation" and to "place[] a very heavy thumb on the scale in favor of a stay being granted." *Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, No. 1:10-cv-01370, 2013 WL 1662952, at *2 (N.D. Ohio Apr. 17, 2013); *Zillow, Inc. v. Trulia, Inc.*, No. 2:12-cv-01549, 2013 WL 5530573, at *3 (W.D. Wash. Oct. 7, 2013). Senator Schumer explained that "it is nearly impossible to imagine a scenario in which a district court would not issue a stay" pending CBM review. 157 Cong. Rec. S1053, at S1053. Denial of stay would require "an extraordinary and extremely rare set of circumstances not contemplated in any of the existing case law related to stays pending reexamination." 157 Cong. Rec. S1360, at S1364. Consistent with these views, the Federal Circuit has reversed district courts under AIA Section 18(b)(2) by granting interlocutory appeals of the denial of stay motions based upon CBM petitions. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368 (Fed. Cir. 2014) (reversing denial of stay and finding that all four factors strongly favored a stay) ("*Callidus Software*"), *vacating as moot*, 780 F.3d 1134 (Fed. Cir. 2015); *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1320 (Fed. Cir. 2014) (finding that three of four factors weighed heavily in favor of a stay and only one factor, undue prejudice, weighed slightly in favor of denying a stay where parties were competitors).

Section 18 of the AIA sets forth the four-factor test to be used in deciding a stay motion:

> (1) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
> (2) whether discovery is complete and whether a trial date has been set;
> (3) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (4) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*Progressive*, 2013 WL 1662952, at *2 (citing AIA § 18(b)(1), P.L. 112-29, 125 Stat. 284, 331 (2011)). Congress expressly included the fourth factor in order "to ease the movant's task of demonstrating the need for a stay" and "to increase the likelihood that the court will grant a stay when a party initiates a transitional CBM review, as opposed to an ordinary PTO reexamination." *Mkt.-Alerts Pty., Ltd v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 489-90 (D. Del. 2013); *Zillow*, 2013 WL 5530573, at *3 n.1.

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- 4 -

The Court may consider a stay as soon as a CBM petition has been filed, and district courts routinely grant stays after the filing of CBM petitions. *See, e.g.*, *GT Nexus, Inc. v. Inttra, Inc.*, No. 11-cv-02145-SBA, 2014 WL 3373088, at *2, *5 (N.D. Cal. July 9, 2014) ("The statutory stay analysis under the AIA is triggered upon the filing of a petition for CBM review, not upon the granting of a petition for CBM review by the PTAB."); *Zillow*, 2013 WL 5530573, at *4 n.3, *8 ("The statutorily required stay analysis set forth in § 18(b) of the AIA is triggered by a party's petition for post-grant review and not upon the PTAB's institution of such review."); *Mkt.-Alerts*, 922 F. Supp. 2d at 490 n.5, 497 ("Since the PTO has recognized that 'the [CBM review] *proceedings* begin with the filing of a petition,' the court finds that the relevant stay provisions apply when the petition is first filed.") (italics in original); *Sightsound Techs., LLC v. Apple Inc.*, No. 11-cv-1292-DWA, 2013 WL 2457284, at *4 (W.D. Pa. June 6, 2013) (granting stay after filing of CBM petition); *Pi-Net Int'l, Inc. v. Citizens Fin. Grp. Inc.*, No. 12-cv-00355-RGA, 2013 WL 6094223, at *1 (D. Del. June 21, 2013) (same); *but cf. Intellectual Ventures II LLC v. JPMorgan Chase & Co.*, 781 F.3d 1372, 1379 (Fed. Cir. 2015) (holding that Federal Circuit lacks appellate jurisdiction to consider interlocutory appeal of stay prior to initiation of CBM proceeding).

### A. A Stay Will Simplify—or Eliminate—the Issues for Trial.

Moving Defendants' petition for CBM review challenges all claims of the '854 patent. Ex. E. It is likely that a significant part, if not the entirety, of this case will be disposed of or the claim language and claim construction positions of both parties will be altered through this review. *See GT Nexus*, 2014 WL 3373088, at *3 ("If the PTAB grants CBM review and finds that one or more of the asserted claims of the patents-in-suit are invalid or subject to modification, the Court will have wasted judicial resources and the parties will have unnecessarily expended funds addressing invalid claims or claims modified during CBM review."); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[I]f the original claim is cancelled or amended to cure invalidity [by the PTO], the patentee's cause of action is extinguished and the suit fails.").

The PTAB is highly likely to grant review and cancel some or all of the asserted claims. As of June 4, 2015, the PTAB had instituted proceedings on 73% of the CBM petitions it had

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- 5 -

considered. *See* Ex. G. Recent studies show that CBM proceedings result in cancellation of 95% of instituted claims. *See, e.g.*, Exs. H, I.

Even if this litigation, or a portion of it, continues after CBM review terminates, the Court will proceed with the benefit of the PTAB's particular expertise and the record from CBM review of the '854 patent. Further prosecution via CBM review will provide a more detailed record to aid the Court in any future claim construction, and the additional prosecution history created could determine, inform, or alter the meaning of claim terms. *See CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997) ("[T]hrough statements made during prosecution or reexamination an applicant . . . may commit to a particular meaning for a patent term, which meaning is then binding in litigation."); *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) ("For those claims that survive the reexamination, this court may have a richer prosecution history upon which to base necessary claim construction determinations or reconsideration."). Litigation burdens will be reduced for both the Court and the parties due to more limited issues, defenses, and evidence, particularly due to estoppel attached to CBM review of the asserted patent. *See Callidus Software*, 771 F.3d at 1371-73 (finding simplification factor strongly favored stay despite CBM proceeding not addressing all asserted patent, claims, or invalidity defenses); *GT Nexus*, 2014 WL 3373088, at *3 ("[I]f the PTAB upholds the validity of the asserted claims, GT Nexus will be estopped from raising any invalidity arguments that it raised in the CBM review proceedings."). Because CBM review will simplify, streamline, or completely eliminate this litigation, this factor weighs heavily in favor of a stay.

**B.     The Early Stage of This Litigation Weighs Heavily in Favor of a Stay.**

This litigation remains at a very early stage, a factor strongly weighing in favor of a stay. *See MoneyCat, Ltd. v. PayPal, Inc.*, No. 14-cv-02490-JST, 2014 WL 5689844, at *4 (N.D. Cal. Nov. 4, 2014) (finding that this factor favored stay because six months still remained for fact discovery at time motion was filed); *Callidus Software*, 771 F.3d at 1373-74 (finding that this factor favored stay despite discovery having started because this factor is evaluated at time of filing of the motion, not at the time of the court's decision); *VirtualAgility*, 759 F.3d at 1317 (stay "heavily favor[ed]" when "[d]iscovery had not yet begun" and litigation "was still at its infancy");

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-
JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- 6 -

*see also Mkt.-Alerts*, 922 F. Supp. 2d at 494. A case management conference is not scheduled until June 12, 2015. Schmidt Decl. at ¶ 3. The parties have not exchanged infringement or invalidity contentions. *Id*. at ¶ 3. Plaintiff has only served minimal discovery requests, while Defendants have served none. *Id*. at ¶ 4. No documents have been produced. *Id*. at ¶ 4. This factor, therefore, weighs heavily in favor of a stay.

### C. Staying These Proceedings Will Not Unduly Prejudice Plaintiff or Present a Clear Tactical Advantage to Moving Defendants.

"Courts have repeatedly held that the delay inherent in the reexamination process does not, by itself, constitute undue prejudice." *Pac. Biosci. Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1066 (W.D. Wash. 2011). "Because delay inherent in the reexamination process does not constitute undue prejudice, courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent." *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1054 (N.D. Cal. 2011); *see also Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 14-cv-1575-EMC, 2014 U.S. Dist. LEXIS 92792, at *16 (N.D. Cal. July 3, 2014); *Progressive*, 2013 WL 1662952, at *6; *Mkt.-Alerts*, 922 F. Supp. 2d at 494.

Moving Defendants are requesting a stay promptly upon filing the petition for CBM review and at an early stage of the litigation. Further, any conceivable prejudice is minimized because CBM review is statutorily required to be completed within an expedited twelve-month timeframe after the petition is granted. *See* Office Patent Trial Practice Guide, Ex. F at 48768. In addition, because CBM review is an *inter partes* proceeding, Plaintiff will have a full opportunity to participate. Perhaps most important, because Defendants and Plaintiff are not competitors, any harm Plaintiff could plausibly suffer due to delay could be fully compensated with monetary relief. *See MoneyCat*, 2014 WL 5689844, at *4 ("[B]ecause MoneyCat and PayPal are not direct competitors, any prejudice MoneyCat experiences as a result of delay can be compensated by monetary damages.") (citing *Evolutionary Intelligence, LLC v. Facebook, Inc.*, Nos. C 13-4202 SI, C 13-4204 SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014) ("[C]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement.")); *VirtualAgility*, 759 F.3d at 1318 ("A stay will not diminish

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- 7 -

the monetary damages to which VA will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy.").

Finally, the "salient question posed by the third factor," is not whether Plaintiff will be prejudiced, but whether Plaintiff will be "unduly prejudiced." *Progressive*, 2013 WL 1662952 at *6. Delay itself does not constitute undue prejudice. *Pac. Biosci.*, 760 F. Supp. 2d at 1066. Here, there is no undue prejudice to Plaintiff, and this factor weighs in favor of a stay.

### D.    A Stay Will Reduce the Burden on the Court and on the Parties.

Courts have emphasized the fourth factor in granting motions to stay pending CBM review. "[T]he fourth factor was established to increase the likelihood that a stay will be granted." *GT Nexus*, 2014 WL 3373088, at *5; *see also Mkt.-Alerts*, 922 F. Supp. 2d at 489-90 (fourth factor was added "to ease the movant's task of demonstrating the need for a stay"); *Progressive*, 2013 WL 1662952 at *8 ("The fourth factor of the test was enacted to increase the likelihood that a stay would be granted."); *Versata Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893-SS, 2013 WL 6912688, at *2 (W.D. Tex. June 20, 2013) ("The fourth factor is designed to place 'a very heavy thumb on the scale in favor of a stay being granted.'") (citation omitted); *Sightsound*, 2013 WL 2457284, at *3 ("The parties and Court will expend further substantial resources in this litigation, through completing discovery and trial. A stay will reduce the burden of litigation, and this factor weighs in favor of a stay.").

Here, a stay pending CBM review will allow the PTAB to efficiently determine the validity of the asserted claims, including whether they are rendered invalid in view of prior art never before considered by the Patent Office. Further, Congress created the CBM proceeding because of its skepticism towards "certain business method patents, which . . . are generally of dubious quality because unlike other types of patents, they have not been thoroughly reviewed at the PTO due to a lack of the best prior art." 157 Cong. Rec. S1360, S1364 (statement of Sen. Schumer). The '854 patent relates to delivering media files to a user via a communications network, including "executing user transaction requests" that are "characterized by a procedure which debits a user's payment account and credits a content provider's receipt account." *See* '854 patent at 2:9-12, cls. 14 and 23. As such, the '854 patent is exactly the type of financial

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- 8 -

transaction Congress envisioned would be addressed by the CBM process when it enacted Section 18(b) of the AIA. Moving Defendants' petition provides the opportunity for a thorough review prior to the Court or the parties expending additional resources on litigation. A stay of the litigation may spare both the Court and the parties the burden of having to oversee and conduct discovery, claim construction, motion practice, and trial. At a minimum, a stay avoids potentially wasteful litigation of claims that may be invalidated or amended, and it eliminates this Court's burden of considering the invalidity arguments raised in the CBM review.

Thus, the fourth factor weighs heavily in favor of a stay, and there are no "exceptional circumstances" to offset the "heavy thumb" that Section 18(b) places on the scale in favor of a stay. Rather than having the Court and the parties burdened with dual-track and duplicative proceedings, Moving Defendants request the Court stay this litigation pending CBM review.

## IV. CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court stay the current actions pending the conclusion of the CBM review of the asserted patent.

Dated: June 9, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/ *Stefani E. Shanberg*
Stefani E. Shanberg

Attorneys for Defendants
VIMEO, LLC, SPOTIFY USA INC., HULU, LLC, and NETFLIX, INC.

DEFS.' MOT. TO STAY PURSUANT TO
AMERICA INVENTS ACT § 18(b)
Case Nos. 4:15-cv-00592-JSW, 4:15-cv-00593-JSW, 4:15-cv-00596-JSW, 4:15-cv-00597-JSW

- 9 -