IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMTX STRATEGIC LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>VIMEO LLC,<br>SPOTIFY USA INC.,<br>RHAPSODY, INC.<br>HOME BOX OFFICE, INC.<br>HULU, INC.<br>NETFLIX, INC.<br>VERIZON COMMUNICATIONS, INC., AND<br>VUDU INC.,<br><br>  Defendants. | No. C 15-00592 JSW<br>No. C 15-00593 JSW<br>No. C 15-00594 JSW<br>No. C 15-00595 JSW<br>No. C 15-00596 JSW<br>No. C 15-00597 JSW<br>No. C 15-00598 JSW<br>No. C 15-00599 JSW<br><br>**ORDER CONTINUING CASE<br>MANAGEMENT CONFERENCES<br>AND PRE-CASE MANAGEMENT<br>CONFERENCE ORDER** |

The Court has received the parties' stipulations to continue the case management conferences in these cases, and it finds GOOD CAUSE to grant those requests. Accordingly, the Court VACATES the case management conferences set for June 12, 2015, and it shall reset a case management conference if necessary in the Order resolving the motion to stay.

The Court HEREBY ADVISES the parties that if they are filing documents in multiple cases that are identical, *e.g.,* the joint case management conference statement and the motion to stay, they need not submit multiple chambers copies. One chambers copy will suffice for the Court's purposes.

The Court also reminds the parties that, in general, the Court only permits one motion for summary judgment, *i.e.* it does not permit serial motions for summary judgment or summary adjudication of issues. Although I may consider it in this case, but the Court advises the parties

that it will not hear seven separate motions for summary judgment on one hearing date on either issues of invalidity or infringement. Therefore, the parties shall be prepared to meet and confer to discuss the order in which the issues should be presented.

Although the parties have submitted certifications of ADR procedures, that alone is not sufficient. If the Court does not stay the case, the parties shall submit stipulations and proposed orders regarding ADR procedures for those cases in which stipulations have not yet been submitted.

Finally, because these cases are related but have not been consolidated, the Court urges the parties to continue to work together to figure out how best to streamline issues in this case. With respect to claim construction, the Court will abide by paragraphs 3 and 4 of its Standing Order for Patent cases, and it will be stringent about granting requests for construction of additional terms. It expects the parties to meet and confer, either in person or by telephone or video conference, to work together to limit the number of proposed claim terms. The Court will NOT conduct seven *Markman* hearings.

**IT IS SO ORDERED.**

Dated: June 11, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE