1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    IMTX STRATEGIC LLC,
                                                    No. C 15-00592 JSW
10            Plaintiff,                             No. C 15-00593 JSW
                                                    No. C 15-00594 JSW
11       v.                                         No. C 15-00595 JSW
                                                    No. C 15-00596 JSW
12   VIMEO LLC,                                     No. C 15-00597 JSW
     SPOTIFY USA INC.,                              No. C 15-00598 JSW
13   RHAPSODY INTERNATIONAL, INC.                   No. C 15-00599 JSW
     HOME BOX OFFICE, INC.
14   HULU, INC.
     NETFLIX, INC.                                  **ORDER RESOLVING MOTION**
15   VERIZON SERVICES CORP. and VERIZON             **TO STAY AND JOINDERS**
     ONLINE, LLC, AND
16   VUDU INC.,

17            Defendants.

18   _____/

19

20           Now before the Court for consideration is the Motion to Stay Pursuant to Section 18(b)

21   of the America Invents Act, filed by Defendants Vimeo, LLC ("Vimeo"), Spotify USA Inc.

22   ("Spotify"), Hulu, LLC ("Hulu") and Netflix, Inc. ("Netflix") (collectively the "Moving

23   Defendants").  Defendants Rhapsody International, Inc. ("Rhapsody"), Home Box Office, Inc.

24   ("HBO"), and Verizon Services Corp. and Verizon Online, LLC (collectively "Verizon"), and

25   Vudu, Inc. ("Vudu") (collectively the "Joinder Defendants"), have joined in the motion.

26           The Court has considered the parties' papers, relevant legal authority, and the record in

27   this case, and it finds the motion suitable for disposition without oral argument.  *See* N.D. Civ.

28   L.R. 7-1(b).  The Court VACATES the hearing scheduled for July 31, 2015, and it HEREBY

*United States District Court*
For the Northern District of California

GRANTS the motion to stay as to the Moving Defendants and CONDITIONALLY GRANTS the motion as to the Joinder Defendants.

**BACKGROUND**

Plaintiff, iMTX Strategic, LLC alleges that each of the Moving and Joinder Defendants infringe United States Patent No. 7,269, 854, entitled "Transaction System for Transporting Media Files from Content Provider Sources to Home Entertainment Devices" (the "'854 Patent"). (*See, e.g.,* iMTX Strategic, LLC v. Vimeo, LLC, 15-cv-592-JSW, Docket No. 1, Complaint.)[1]

On June 13, 2015, the Moving Defendants filed a petition with the Patent Trial and Appeal Board ("PTAB") for Covered Business Method ("CBM") review of the '854 Patent, pursuant to 35 U.S.C. section 321 and Section 18 of the America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011). (Docket No. 59, Declaration of Jennifer J. Schmidt ("Schmidt Decl."), Ex. E.) The Joinder Defendants are not parties to that petition.[2]

The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

**A.    The Court Conditionally Stays These Cases.**

Under Section 18(b) of the AIA,

the district court [should] consider the following four factors when deciding whether to grant a stay:

(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B) whether discovery is complete and whether a trial date has been set;

© whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

---

[1]    Because the parties' briefs and declarations are identical, all future reference to docket numbers shall be from iMTX Strategic, LLC v. Vimeo, 15-cv-592-JSW.

[2]    In addition to the CBM Petition, a non-party, Unified Patents, Inc. ("Unified Patents") has initiated a petition for *inter partes* review of the '854 Patent. (Docket No. 64-1, Declaration of Stephen W. Ritcheson, Esq., ¶ 3, Ex. 1.)

United States District Court
For the Northern District of California

(D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (quoting AIA § 18(b)(1)).  The factors are similar to the factors to be applied when a court evaluates a motion to stay in light of *inter partes* review.  However, the fourth factor was added "in order to ease the movant's task in demonstrating the need for a stay." *GTNexus, Inc. v. Intra, Inc.*, 2014 WL 3373088, at *2 (N.D. Cal. July 9, 2014) (citing *Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.,* 922 F. Supp. 2d 486, 489-490, 496 n.14 (D. Del. 2013) and *Zillow, Inc. v. Trulia, Inc.*, 2013 WL 5530573, at *3 (W.D. Wash. Oct. 7, 2013)).

### 1.    Simplification of Issues.

iMTX argues that a stay would not simplify the issues.  In the context of *inter partes* review, a stay may be justified where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try infringement issues." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998).   A stay also may be granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources.  To the extent claims survive the reexamination process, the reexamination would "facilitate trial by providing the Court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995).

The Moving Defendants have challenged every claim of the '854 Patent.  Although the PTAB has not yet ruled on the petition, if it were to accept review of all claims, it could dispose of these cases in their entirety.  The Federal Circuit has found, in the context of CBM review, that such a situation "weighs heavily in favor of granting the stay." *See, e.g., VirtualAgility*, 759 F.3d at 1314; *cf. Slip Tracks Sys.*, 159 F.3d at 1341 (noting that "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled ..., would eliminate the need to try infringement issues").  Even if the

1  PTAB accepted review, but did not find all claims invalid, those rulings may also clarify claim

2  construction positions for the parties, raise estoppel issues, and encourage settlement.

3       iMTX argues that until the PTAB actually determines that it will conduct a CBM

4  review, the motion to stay is premature and should be denied on that basis.  The Court does not

5  find this argument persuasive, and for reasons set forth in more detail in its discussion of the

6  fourth factor, the Court concludes it is appropriate to rule on the motion at this time.  First,

7  while the Federal Circuit has noted that "it [is] not error for the district court to wait until the

8  PTAB" makes its decision on a petition for CBM review, it also expressed no opinion on

9  whether deferring a ruling is a "better practice" than ruling on a motion once a petition has been

10  filed.  *VirtualAgility*, 759 F.3d at 1315-16.  In addition, iMTX's argument was premised, in

11  part, on the fact that the Verizon defendants had not yet joined in the motion.  That point is now

12  moot, because the Verizon defendants have filed a notice of joinder.

13       As a secondary argument, iMTX argues that because five defendants would not be

14  bound by the ruling in the CBM review, the issues would not be simplified.  However, the

15  Court can resolve that issue by granting the Joinder Defendants' motion on the condition that

16  they agree to be estopped from raising any issues that are raised and actually decided before the

17  PTAB.

18       Accordingly, the Court concludes that this factor weighs in favor of a stay.

19       **2.       Discovery and Trial Dates.**

20       iMTX does not dispute that each of these cases are in the early stages of litigation.  The

21  parties stipulated to continue the initial case management conferences pending a ruling on this

22  motion.  Therefore, the Court has not set *any* deadlines in this matter.  Although iMTX has

23  served some discovery, that discovery has been limited in scope to whether any of the

24  Defendants have a relationship with Unified Patents.  (*See, e.g.,* Docket No. 69, Reply

25  Declaration of Jennifer J. Schmidt, ¶¶3-7, Exs. A-E.)

26       The Court concludes that this factor weighs in favor of granting the motion.

27  //

28  //

*United States District Court*
For the Northern District of California

4

**United States District Court**
For the Northern District of California

### 3. Prejudice or Tactical Advantage.

In examining the prejudice or tactical advantage factor, courts have looked to the timing of both requests for CBM review and requests for stays, the status of the CBM proceedings, and the relationship between the parties. *See, e.g., Market-Alerts*, 922 F. Supp. 2d at 494. iMTX does not argue that it would be unduly prejudiced by a stay. Rather, it argues that the Defendants are attempting to obtain a tactical advantage by taking "multiple bites at the invalidity 'apple'." (Docket No. 64, Opp. Br. at 9:6-7.) iMTX also argues that the Moving Defendants delayed in filing their CBM petition. Defendants, in turn, argue that although iMTX began to file these lawsuits in November 2013, it did not effect service on the Defendants until August 2014.

The Moving Defendants filed their motion to stay shortly after seeking CBM review. It appears to the Court that there have been delays on both sides. However, there is no suggestion that the parties are competitors, which lessens the potential prejudice to iMTX from a stay. *See, e.g., VirtualAgility*, 759 F.3d at 1318.

On balance, the Court finds that this factor weighs slightly in favor of a stay.

### 4. Reduce the Burden of Litigation.

iMTX also argues that a stay will not reduce the burden of litigation. This argument again is premised, in part, on the fact that the Joinder Defendants are not parties to the CBM review and on the fact that the Verizon defendants had yet joined the motion. The Court is not persuaded. Even if the Court were to grant an unconditional stay, the burden of litigation would be reduced if the PTAB decision is favorable to the Moving Defendants. In addition, if the Court were to deny the motion as premature and await a decision on whether the PTAB will accept review, there is the possibility of further motion practice on this very issue.

On balance, the Court also finds that this factor weighs in favor of granting the stay.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to stay as to the Moving Defendants, and it STAYS the following cases: 15-cv-592, 15-cv-593, 15-cv-596, and 15-cv-597.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

The Court CONDITIONALLY GRANTS the Joinder Defendants' motion, on the condition that the Joinder Defendants agree to be estopped from asserting any invalidity contention that was actually raised and finally adjudicated in the CBM proceedings. The Joinder Defendants shall file notices by no later than July 17, 2015, setting forth whether they accept or reject this condition. At that time, the Court shall issue a further order with directions to the parties about how it will proceed.

**IT IS SO ORDERED.**

Dated: July 6, 2015



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6